### In re BAILEY et al.

(Circuit Court, E. D. Pennsylvania. December 23, 1901.)

#### No. 55.

CUSTOMS DUTIES—PROTEST—TIME FOR FILING.

The provision of section 14 of the customs administration act of June 10, 1890, that the decision of a collector as to the rate and amount of duties chargeable upon imported merchandise shall be conclusive unless the importer shall file his protest within 10 days after, "but not before," the liquidation of the duties, is clear and unambiguous, and was inserted for a definite purpose, and a protest filed before the ascertainment and liquidation of the duties cannot be considered.

Petition by Collector for Review of Decision of Board of General Appraisers.

J. W. Thompson and J. B. Holland, for the United States.

J. B. McPHERSON, District Judge. This is an application to review the decision of the board of general appraisers concerning the duty imposed upon certain merchandise imported by John T. Bailey & Co. into the port of Philadelphia. The board decided that no duty was due, reversing the decision of the collector, and this proceeding was thereupon taken upon the collector's petition. The relevant facts are as follows: Upon November 24, 1896, John T. Bailey & Co. entered at the port of Philadelphia one bale of jute bagging, which the importers claimed should be admitted free of duty. Upon that day they filed with the collector a protest against the payment of duty at the rate of 35 per cent. ad valorem, that being the rate imposed by the collector. The protest was referred to an appraiser of the port of Philadelphia upon December 16, 1896, who reported upon December 19th that upon further examination of the merchandise it was found to be "exempt from duty, * * * as claimed by protestants." The protest and the report of the appraiser were thereupon referred to the board of general appraisers by the collector, and in his letter of reference he pointed out that the requirements of section 14 of the act of June 10, 1890 (26 Stat. 137; 1 Supp. Rev. St. 751), had not been complied with by the importers, because their protest had been filed before liquida-

tion of the duty. The board, however, sustained the protest, and reversed the decision of the collector. Thereupon application was made to the circuit court to review the decision of the board, and the return made in obedience to the order of the court states the foregoing facts, adding, "The board inadvertently overlooked the fact that the protest in this case was filed prior to liquidation."

The only question for decision is whether the protest was filed at the proper time. If it were not so filed, the express provision of section 14 of the act of June 10, 1890, makes the decision of the collector as to the rate and amount of duty chargeable upon this merchandise final and conclusive against all persons interested therein. The language of that section, so far as now relevant, is as follows:

"The decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage) shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee or agent of such merchandise, or the person paying such fees, charges and exactions, other than duties, shall within 10 days after 'but not before' such ascertainment or liquidation of duties, as well in cases of merchandise entered in bond as for consumption, or within 10 days after the payment of such fees, charges and exactions, if dissatisfied with such decision, give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon."

From the facts already stated it appears that the notice in writing required by the foregoing section was given before the ascertainment or liquidation of the duty upon the merchandise in question, and should therefore have been disregarded. The reason why the act of 1890 provides that protests against the rate or amount of duty shall be filed after, but not before, the ascertainment and liquidation of the duty, will be found in the decision rendered by the supreme court of the United States in Davies v. Miller, 130 U. S. 284, 9 Sup. Ct. 560, 32 L. Ed. 932. It was there decided that a provision in previous statutes requiring protests to be filed "within ten days after the ascertainment and liquidation of duties" should be so construed as to fix only the terminus ad quem, or the limit beyond which the notice could no longer be given, and not to fix the final ascertainment and liquidation of the duty as the terminus a quo, or the first point of time at which the protest might properly be made. The case was decided in 1888, and, in order to avoid the inconveniences which the customs bureau believed would follow the decision, the act of 1890 changed the law by inserting the phrase, "but not before," in the fourteenth section. This provision of the statute being clear and unambiguous, the court is bound to carry it into effect.

It is therefore ordered that the decision of the board of general appraisers be set aside, and the ruling of the collector be reinstated.